UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESSE LAMONE STEWART,<br><br>Defendant. | 5:19-CR-50167-07-KES<br><br>ORDER DENYING DEFENDANT'S MOTION TO SEVER |

Defendant, Jesse Lamone Stewart, moves to sever his case from his co-defendants. Dockets 207, 208. The United States opposes the motion. Docket 210. Stewart filed a reply disputing various claims made by the United States. Docket 217. For the reasons described in this order, Stewart's motion to sever is denied.

## BACKGROUND

A Superseding Indictment charged Stewart and eight other defendants with conspiracy to distribute a controlled substance, methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Docket 88. Stewart is only charged in Count 1 of the four-count Superseding Indictment. *Id.*

The court held a suppression hearing on February 12, 2020, where Special Agents Preston Patterson, Dan Rose, and BJ George described the events that led up to Stewart's arrest at the Econo-Lodge hotel in Rapid City,

1

South Dakota. Docket 125. According to the officers' testimony, on December 11, 2019, the officers attempted to execute a federal arrest warrant on Edward Martin and Sara Skinner based on evidence of a large-scale narcotics distribution network. *Id.* at 8-9, 34-35. This search involved the execution of a search warrant on Econo-Lodge Room 326, a hotel room believed to be associated with Martin. *Id.* at 10. During the execution of the search warrant, officers encountered Stewart, who was the sole occupant of Room 326. *Id.* at 15, 17. Under the search warrant, Room 326 and Stewart were searched. *Id.* at 18-19. The search revealed two hotel key cards, over $5,000 in cash, approximately 8 ounces of methamphetamine, and a handgun. *Id.* at 19, 34-35. The agents testified that they had a valid search warrant to search the hotel room based on their investigation of Martin, but did not have any knowledge of Stewart prior to the search of the room. *Id.* at 21.

On August 24, 2020, Stewart filed a motion to sever his case from that of the co-defendants who were named in the indictment. Docket 207 at 1. Stewart argues that (1) there is no evidence tying Stewart to the alleged conspiracy, (2) trying Stewart with the other co-defendants is likely to be unduly prejudicial, (3) joinder could create jury confusion or cause the jury to make incorrect assumptions, and (4) Stewart has little to no connection to his co-defendants. *Id.* at 2-3. In the alternative, Stewart requests that the court provide "appropriate limiting [jury] instructions to address the concerns that he has advanced." *Id.* at 3.

According to Stewart, "agents were not aware of who Mr. Stewart was prior to their arrival at the Econo-Lodge on December 11, 2019, nor were they aware of how long he had been at the location." Docket 208 at 1. Stewart alleges that he was arrested based on his "mere presence at the hotel and cash on his person[.]" *Id.* Based on these facts, Stewart alleges that there is a "vast disparity in the evidence between [Stewart's] alleged role in the charged conspiracy and that of his codefendant's." *Id.* at 2. Stewart alleges that a joint trial with his co-defendants would create "spillover prejudice" making a fair trial impossible. *Id.*

The United States argues that Stewart provided a "home address" of the UPS store in West Rapid City, that information on Stewart's cell phone corroborated his involvement in the conspiracy, and that Martin, a co-defendant, was mailing packages and letters to Stewart at the UPS address provided by Stewart. Docket 210 at 2. The United States alleges that these pieces of evidence, combined with the fact that Stewart was the sole occupant in the hotel room where approximately eight ounces of methamphetamine, travel information, and over $5,000 in cash was found, is enough to tie Stewart to the conspiracy. *Id.*

The United States opposes a separate trial, alleging that severance "would amount to conducting the same trial multiple times." *Id.* at 4. The United States alleges that Stewart has not met his burden of demonstrating how he would be prejudiced by a trial with his co-conspirators. *Id.* at 5. In addition, the United States objects to Stewart's request of specific jury

3

instructions, calling this contention "premature and vague without specific language put forth." *Id.*

In response to the United States' memorandum, Stewart filed a reply alleging that "trying the defendant with other co-defendants in a trial presents an assumption to the jury that all defendants worked together and shared the same knowledge, an assumption that is inconsistent with the evidence presented and one that creates an undue risk of prejudice." Docket 217 at 1. In addition, Stewart alleges that the "purely speculative and uncorroborated nature of this response in and of itself establishes the necessity of granting defendant's motion to sever." *Id.* Because of these reasons, Stewart alleges that severance is justified to prevent prejudice even if the United States demonstrates that joinder is proper. *Id.*

## ANALYSIS

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995). In establishing that joinder is proper, the government has the burden of proving that the defendants "participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." *Schaffer v. United States*, 362 U.S. 511, 514 (1960). "The propriety of joinder is to be determined from the face of the indictment. . . . The factual allegations in the indictment must be accepted as true." *United States v. Massa*, 740 F.2d 629, 644 (8th Cir.

1984) (citations omitted), *overruled on other grounds by United States v. Reichel*, 911 F.3d 910 (8th Cir. 2018).

"If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14. These rules are to be 'liberally construed in favor of joinder.' " *Darden*, 70 F.3d at 1526 (quoting *United States v. Rimell*, 21 F.3d 281, 288 (8th Cir. 1994)). "Rule 14 allows the trial court to order severance, even though joinder of offenses or defendants is proper under Rule 8, if it appears that the defendant or government is prejudiced by the joinder." *United States v. Jones*, 880 F.2d 55, 60 (8th Cir. 1989).

I. **Federal Rule of Criminal Procedure 8(b)**

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same acts or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). "Federal Rule of Criminal Procedure 8(b) permits joinder of defendants 'if they are alleged to have participated . . . in the same series of acts or transactions constituting an offense or offenses.' " *United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002) (quoting Fed. R. Crim. P. 8(b)). Rule 8(b) is "broadly construed in favor of joinder to promote judicial efficiency." *United States v. McCarther*, 596 F.3d 438, 441-42 (8th Cir. 2010) (citing *United States v. Little Dog*, 398 F.3d 1032, 1037 (8th Cir. 2005)). "Broad interpretation of Rule 8(b) is undoubtedly encouraged in the interests of more efficient administration of criminal trials." *Haggard v. United States*, 369 F.2d

5

968, 973 (8th Cir. 1966). Joinder must be viewed on a case by case basis. *Id.* at 974. Not every defendant joined must have participated in every offense charged. *See Jones*, 880 F.2d at 62-63.

There is clear preference for a joint trial of persons charged in a conspiracy. *United States v. Ruiz*, 446 F.3d 762, 772 (8th Cir. 2006); *see also United States v. Kime*, 99 F.3d 870, 880 (8th Cir. 1996) ("Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it be improper for co-conspirators to be tried together.") (citations and internal quotation marks omitted).

In establishing that there was a conspiracy, "[t]he government [does] not need to show a formal agreement; showing a tacit agreement by understanding proven wholly by circumstantial evidence or by inferences from the parties' actions is sufficient." *United States v. Casas*, 999 F.2d 1225, 1229 (8th Cir. 1993) (quoting *United States v. Searing*, 984 F.2d 960, 964 (8th Cir. 1993)).

This court must accept the factual allegations of the Superseding Indictment, which tie Stewart to the other co-defendants, as true. *Massa*, 740 F.2d at 644. In the Superseding Indictment, the United States alleges that "the defendants . . . knowingly and intentionally combined, conspired, confederated and agreed with each other . . . to knowingly and intentionally distribute and to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine[.]" Docket 88.

6

Thus, this court must accept as true the fact that Stewart is tied to the other co-defendants named in the Superseding Indictment. *Id.*

Much of the evidence presented would remain substantially the same regardless of which defendants plead guilty or which defendants are severed. This fact, combined with the Eighth Circuit's clear preference towards joinder, supports the United States' argument that joinder is proper in this case. *Ruiz*, 446 F.3d at 772. Because the government provided sufficient factual allegations in the Superseding Indictment suggesting that Stewart's actions arose out of the same transactions or occurrences as Martin, Skinner, and the other co-defendants, the Superseding Indictment and its factual allegations meets the joinder requirements of Rule 8(b).

**II.     Federal Rule of Criminal Procedure 14(a)**

Rule 14(a) of the Federal Rules of Criminal Procedure provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Under Rule 14, a district court has the discretionary power to sever a defendant's trial from the trial of his co-defendants. *Darden*, 70 F.3d at 1527. When joinder is proper under Rule 8, the defendant seeking a severance has the burden to demonstrate how the joint trial will prejudice his or her right to a fair trial. *Id.* (citing *United States v. Penson*, 62 F.3d 242, 244 (8th Cir. 1995)). For the court to grant a motion for severance, the necessary prejudice must be "severe and

compelling." *Id.* (quoting *Rimell*, 21 F.3d at 289). "The presumption against severing properly joined cases is strong. It is not enough that a defendant thinks his chances for acquittal would be better in a separate trial[.]" *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996) (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993)).

"In order to show prejudice, a defendant must establish something more than the mere fact that his chance for acquittal would have been better had he been tried separately. [The defendant] must affirmatively demonstrate that the joint trial prejudiced his right to a fair trial." *United States v. Shivers*, 66 F.3d 938, 940 (8th Cir. 1995) (internal quotation marks and citations omitted). A defendant "can show real prejudice either by showing that [his] defense is irreconcilable with the defense of his codefendant or codefendants or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants." *United States v. Gutberlet*, 939 F.2d 643, 645 (8th Cir. 1991). The Eighth Circuit has stated that "[o]nly in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." *United States v. Al-Esawi*, 560 F.3d 888, 891 (8th Cir. 2009).

Stewart raises four arguments to support his claim of prejudice. Docket 207. First, Stewart alleges that severance is proper because there is no evidence tying him to the alleged conspiracy. *Id.* at 2. But, when agents encountered Stewart, he was the sole occupant of the hotel room that was believed to be associated with Martin. Docket 210 at 2. Hotel staff identified

Stewart as a regular occupant of the room, and staff informed law enforcement that Stewart would have frequent, short-term visitors consistent with drug dealing. *Id.* Further, the United States presented evidence that reveals Stewart's connection to Martin through the UPS address provided by Stewart and his history of receiving packages from Martin. *Id.* While Stewart was not the leader of the conspiracy, the United States presented a sufficient showing of evidence to tie Stewart to the conspiracy.

Second, Stewart alleges that tying him with the other co-defendants is likely to be unduly prejudicial. Docket 207 at 2. Stewart alleges that joinder would result in spillover prejudice such that a joint trial would be unfair and impossible. Docket 208 at 2. At this point in time, many of the co-defendants, including Sara Skinner, Keeler Stands, Melanie Vance, and Tyler Olson have pleaded guilty and been sentenced. Dockets 351, 279, 280, and 326. In addition, Carmen Dillon has pleaded guilty and is awaiting sentencing. Dockets 329, 332. As a result, the only remaining defendants who will be going to trial are Stewart, Martin, Christopher James, and Kirbesha Bailey. Even if Stewart had a joint trial with Martin, one of the remaining defendants, a reasonable juror could compartmentalize the difference between Martin's involvement in the conspiracy and that of Stewart. While trying Stewart with Martin may result in minor spillover prejudice, the possible prejudice alleged by Stewart is not "severe and compelling" to warrant severance. *Darden*, 70 F.3d at 1527 (quoting *Rimell*, 21 F.3d at 289).

Third, Stewart alleges that joinder could create jury confusion or cause the jury to make incorrect assumptions. Docket 207 at 3. If Stewart were to be jointly tried with Martin, a reasonable juror could understand Martin's role as the leader of the conspiracy and Stewart's role as a co-conspirator. And Stewart's contentions are merely speculative. Stewart does not allege a reasonable basis to know whether there would be jury confusion or incorrect assumptions. Much of the evidence presented at trial would be the same regardless of whether Stewart has his own trial or not. Docket 210 at 4. Thus, while there may be a possibility of jury confusion, this factor is not enough to justify severance of Stewart's trial under Rule 14.

Fourth, Stewart alleges that he has little to no relation or connection to his co-defendants. Docket 207 at 3. But the United States presented evidence suggesting the contrary, including Stewart's presence at Econo-Lodge room 326, known to be associated with Martin. Docket 210 at 2. While Stewart attempts to assert his innocence compared to co-defendants Martin and Skinner, "[t]he mere fact that there is hostility among the defendants, or one defendant may try to save himself at the expense of another is not sufficient grounds to require separate trials." *United States v. Boyd*, 610 F.2d 521, 526 (8th Cir. 1979) (holding that the defendants had not demonstrated a "strong showing of prejudice" necessary to support their contention). Thus, Stewart has not presented sufficient information to demonstrate his independence from his co-defendants.

In this case, it would be judicially inefficient to conduct a separate trial for Stewart based on the mere possibility of prejudice. As a result, the court finds the potential inconvenience and expense of separate trials to outweigh Stewart's interest in severance. Because this is not an unusual case where prejudice overrides the efficiency of joinder, Stewart has not met his burden of proving that severance is justified under Rule 14.

## CONCLUSION

Through the factual allegations presented in the Superseding Indictment, the United States presented a sufficient showing to demonstrate that joinder of Stewart and his co-defendants is appropriate under Rule 8. Stewart has also not demonstrated a strong and convincing showing of prejudice necessary to justify the severance of his trial as required by Rule 14. Thus, it is

ORDERED Stewart's motion to sever (Docket 207) is denied.

Dated June 29, 2021

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE