UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESSE LAMONE STEWART,<br><br>Defendant. | 5:19-CR-50167-07-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED AND DENYING MOTION TO SUPPRESS |

Defendant, Jesse Lamone Stewart, is charged with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Docket 88. Stewart filed a motion to suppress the contents of several cell phones seized under two search warrants issued in 5:19-MJ-145 and 5:20-MJ-74. Docket 255. Stewart alleges that: (1) the warrants lacked probable cause to seize and search Stewart's cell phones; (2) there was investigatory misconduct in the preparation and execution of the search warrants; (3) the warrants lacked particularity; and (4) the officers who extracted the contents of the cell phones lacked proper training and certification. *Id.* The United States resists Stewart's motion to suppress. Docket 281. The court referred Stewart's motions to Magistrate Judge Daneta Wollmann under 28 U.S.C. § 636(b)(1)(B). After considering the evidence, Magistrate Judge Wollmann recommended Stewart's motion to suppress be denied. Dockets 340. Stewart filed objections to the Report and

Recommendation. Docket 352. After a de novo review of the Report and Recommendation and a review of the record, the court adopts the Report and Recommendation as modified below and denies Stewart's motion to suppress.

## LEGAL STANDARD

This court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Because motions to dismiss a superseding indictment are considered dispositive matters, a magistrate judge's recommendation regarding such a motion is subject to de novo review. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980) (holding that dispositive motions under 28 U.S.C. § 636(b)(1) are subject to de novo review by the district court). In conducting a de novo review, this court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## FACTS

A full recitation of the facts can be found in the Report and Recommendation on Stewart's first motion to suppress (Docket 135), the District Court's order adopting the first Report and Recommendation (Docket 162), the Report and Recommendation on the Stewart's motions to dismiss the Superseding Indictment (Docket 334), and this court's order adopting the

second Report and Recommendation (Docket 371). The court has conducted a de novo review of the evidence and incorporates herein the facts as set forth in Magistrate Judge Wollmann's Report and Recommendation.

## DISCUSSION

Stewart raises five objections to Magistrate Judge Wollmann's Report and Recommendation.[1] Docket 352. Stewart's objections are as follows:

(1) The search warrant issued in 5:19-MJ-145 did not establish probable cause to search and seize Stewart's property discovered in the EconoLodge hotel room. Stewart also objects to Magistrate Judge Wollmann's finding that the search warrant issued in 5:20-MJ-74 was supported by probable cause;

(2) The phone seized from Stewart's hand at the hotel should be suppressed because officers exceeded the scope of the warrant, and the good faith exception to the warrant requirement does not apply;

(3) The search warrant issued in 5:20-MJ-74 is overly broad and lacks particularity;

(4) The search warrant issued in 5:20-MJ-74 was based on false statements by South Dakota Division of Criminal Investigation Special Agent (SA) BJ George and/or was the product of investigatory misconduct; and

(5) Magistrate Judge Wollmann should have ruled on which phone was seized from Stewart's person at the hotel.

*Id.* The court will address each objection accordingly.

---

[1] Stewart's response lists nine objections to Magistrate Judge Wollmann's Report and Recommendation. Docket 352. Objections I, VI, and VIII all object to Magistrate Judge Wollmann's finding that the search warrant issued in 5:19-MJ-145 established probable cause to search and seize Stewart's various cell phones. *Id.* Objections II and VI also object to Magistrate Judge Wollmann's finding that the search warrant issued in 5:20-MJ-74 was supported by probable cause. *Id.* Finally, objections II, IV, and V deal with whether there was investigatory misconduct in the application for the search warrant issued in 5:20-MJ-74. *Id.* Because many of the objections overlap, the court consolidates them where appropriate.

3

## I. Whether the Search Warrants Issued in 5:19-MJ-145 and 5:20-MJ-74 Were Legally Sufficient.

### A. Search Warrant in 5:19-MJ-145

#### 1. Probable Cause

Stewart objects to Magistrate Judge Wollmann's finding that the search warrant issued in 5:19-MJ-145 was supported by probable cause. Docket 352 at 1, 5, 7-8. Stewart argues that the warrant did not authorize the search and seizure of his person or any of his property present in the EconoLodge hotel room. *Id.*

"To be valid under the Fourth Amendment, a search warrant must be supported by a showing of probable cause." *United States v. Wallace*, 550 F.3d 729, 732 (8th Cir. 2008) (quoting *United States v. Summage*, 481 F.3d 1075, 1077 (8th Cir. 2007)). The defendant seeking suppression bears the burden to prove, by a preponderance of the evidence, that the search warrant was not supported by probable cause. *See United States v. Beasley*, 688 F.3d 523, 530 n.2 (8th Cir. 2012) (noting the burden of proof is generally on the defendant seeking suppression); *United States v. Stevens*, 530 F.3d 714, 718 (8th Cir. 2008) (requiring defendant seeking suppression to prove, by a preponderance of the evidence, that affiant made false statements in the warrant affidavit resulting in the affidavit lacking probable cause without the false statement).

Probable cause exists when a showing of facts, under the totality of the circumstances, establishes a fair probability that evidence of a crime will be found in the place to be searched. *United States v. Ortiz-Cervantes*, 868 F.3d

4

695, 699 (8th Cir. 2017). "If an affidavit in support of a search warrant sets forth sufficient facts to lead a prudent person to believe that there is a fair probability that contraband or evidence of a crime will be found in a particular place, probable cause to issue the warrant has been established." *United States v. Hudspeth*, 525 F.3d 667, 674 (8th Cir. 2008) (quoting *United States v. Grant*, 490 F.3d 627, 631 (8th Cir. 2007)) (additional citation omitted). The issuing judge's determination of probable cause "should be paid great deference by reviewing courts." *Grant*, 490 F.3d at 631 (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (internal quotation omitted)).

Stewart argues the search warrant lacked probable cause as to his person or property present in the hotel room because he was not explicitly named in the affidavit in support of the search warrant. Docket 255 at 4; Docket 352 at 1. Attachment A to the application in support of the search warrant notes that Room #326 at the EconoLodge located at 625 East Disk Drive in Rapid City, South Dakota was one of the places to be searched under the warrant. 5:19-MJ-145, Docket 1 at 5. This room was registered to Edward Martin, one of Stewart's co-defendants. *Id.* at 5, 43. Attachment B to the application in support of the search warrant states that the government sought to seize cell phones "capable of being used to facilitate or document the distribution, sales, trafficking, or possession of controlled substances . . . ." *Id.* at 9.

Here, the affidavit in support of the search warrant is replete with information alleging that Martin, co-defendant Sara Skinner, and others were

5

involved in a vast conspiracy to distribute controlled substances, as Magistrate Judge Wollmann detailed in her Report and Recommendation. Docket 340 at 3; *see also* 5:19-MJ-145, Docket 1 at 17-44. Alcohol, Tobacco, and Firearms Special Agent (ATF SA) Riley Cook detailed how cell phones are frequently used in the distribution of controlled substances either as evidence themselves or as receptacles to store evidence. 5:19-MJ-145, Docket 1 at 14-15. Importantly, the search warrant was not solely limited to Martin's property in the hotel room. *Id.* at 8-9. The warrant gave officers the authority to search Martin's room for cell phones found in that room, regardless of ownership. Given the facts in the affidavit, there was more than a fair probability that evidence of the distribution of controlled substances would be located in Martin's room in the EconoLodge. The two cell phones in Martin's room that belonged to Stewart were properly seized and searched under the authority of the search warrant issued in 5:19-MJ-145. Thus, Stewart's objection on this ground is overruled.

    **2.  Scope of Warrant**

Stewart next objects to Magistrate Judge Wollmann's finding that the phone seized from Stewart's hand should not be suppressed. Docket 352 at 8. Stewart argues that the seizure of the phone should be suppressed "because the scope of warrant 5:19-MJ-145 does not include the name, person, or search of Mr. Stewart nor his property." *Id.* at 9. Stewart's argument essentially renews his argument that the warrant issued in 5:19-MJ-145 lacked probable cause, which the court has already overruled. *See* discussion *supra* section I.A.1. The court agrees with and adopts Magistrate Judge Wollmann's

6

reasoning and conclusion on this issue that the seizure of the cell phone out of Stewart's hand did not exceed the scope of the warrant, and even if it did, the good faith exception applies. *See* Docket 340 at 17-20. Stewart's objection on this ground is overruled.

### B. Search Warrant in 5:20-MJ-74

#### 1. Probable Cause

Stewart next objects to Magistrate Judge Wollmann's finding that the search warrant issued in 5:20-MJ-74 was supported by probable cause. Docket 352 at 2, 6. The legal standard for whether a search warrant is supported by probable cause is discussed above. *See* discussion *supra* section I.A.1.

Stewart specifically contends that Magistrate Judge Wollmann "mistakenly assert[ed] that warrant 5:20-MJ-74 actually sought the contents of seven cell phones when there were actually four (#40, #20, #42, #3)." Docket 352 at 2. Stewart seeks suppression of phone #20. *Id.* Here, Magistrate Judge Wollmann was not mistaken when she noted that the search warrant in 5:20-MJ-74 sought the contents of seven phones seized under the authority of the search warrant issued in 5:19-MJ-174. The subsequent warrant sought the contents of phones #18, #20, #40, and #42, as well as the contents of three other phones from a search warrant executed in Las Vegas, Nevada. 5:20-MJ-74, Docket 1 at 2. To the extent that there is an objection to Magistrate Judge Wollmann's interpretation of what the search warrant in 5:20-MJ-74 sought, it is overruled.

7

Stewart also argues that the search warrant issued in 5:20-MJ-74 lacked probable cause generally. Docket 352 at 2, 6. Stewart confusingly argues that Magistrate Judge Wollmann found that the search warrant issued in 5:20-MJ-74 was supported by probable cause to search phones #20, #36, and #38. *Id.* at 6. But as noted above and by Stewart in his objections, phones #36 and #38 were seized and searched under the authority of the search warrant issued in 5:19-MJ-174. As to phone #20, the agent in charge of searching that phone concluded that no data could be extracted from it. *Id.* Stewart notes that this makes the probable cause as to phone #20 moot. *Id.* It is then unclear whether Stewart objects to Magistrate Judge Wollmann's finding that probable cause supported the search warrant issued in 5:20-MJ-74. In any event, the search warrant was supported by probable cause, as detailed by Magistrate Judge Wollmann in her Report and Recommendation. Docket 340 at 12-13. Much of the probable cause for that warrant was the same information that supported the search warrant in 5:19-MJ-145, but the affidavit in support of this warrant also included the incriminating nature of items seized as a result of executing the search warrant in 5:19-MJ-145. *See* 5:20-MJ-74, Docket 1 at 22-24. Given this information, there was a fair probability that evidence of a crime would be found on phone #20. Thus, Stewart's objection is overruled.

  **2.** **Particularity**

Stewart next objects to Magistrate Judge Wollmann's finding that the search warrant issued in 5:20-MJ-74 was sufficiently particular. Docket 352 at 6-7. Stewart appears to argue that Magistrate Judge Wollmann found that

8

phones #20, #36, and #38 were searched under the authority of the search warrant issued in 5:20-MJ-74. *Id.* at 6. Stewart contends that phones #36 and #38 were actually seized and searched under the authority of 5:19-MJ-174, while phone #20 was searched under the authority of the search warrant in 5:20-MJ-74. *Id.* To clarify, Magistrate Judge Wollmann never found that phones #36 and #38 were searched under the authority of the search warrant in 5:20-MJ-74. *See* Docket 340 at 13-15. Stewart concedes that phone #20 was searched under the search warrant issued in 5:20-MJ-74, and he acknowledges that phone #20 was locked and law enforcement could not extract any data from that phone. Docket 352 at 6. Stewart then notes that whether the search warrant in 5:20-MJ-74 was overly broad or lacked particularity as it relates to phone #20 is moot. *Id.* Because phones #36 and #38 were searched under the authority of a different warrant and Stewart concedes that the particularity objection as to phone #20 is moot, Stewart's objection on this ground is overruled.

### 3. Investigatory Misconduct

Stewart next objects to Magistrate Judge Wollmann's finding that Stewart failed to meet his burden to prove that there was investigatory misconduct in the execution of the search warrant issued in 5:19-MJ-145 and in the application for the search warrant in 5:20-MJ-74. Docket 352 at 3-5. Specifically, Stewart argues that Special Agent (SA) BJ George[2] falsely

---

[2] In a reply brief, Stewart acknowledges that Pennington County Sherriff's Office Investigator Rose authored the report, not SA George. Docket 301 at 10.

9

documented in his inventory report that he seized a second phone from Stewart's person—phone #14—when law enforcement executed the search warrant in 5:19-MJ-174. *Id.* at 4. Stewart also objects to Magistrate Judge Wollmann's finding that paragraph 72 in the affidavit in support of the search warrant issued in 5:20-MJ-74 was not made falsely or with reckless disregard for the truth. *Id.* at 5.

The court will first address Stewart's claim that Investigator Rose falsely documented in his inventory report that SA George seized two phones from Stewart's person. *Id.* at 4. "Prosecutorial misconduct, such as the use of perjured testimony, or other governmental corruption of the truth-finding process may result in a deprivation of fundamental due process." *Ray v. United States*, 588 F.2d 601. 603 (8th Cir. 1978) (citations omitted). Misconduct by law enforcement agents acting on behalf of the United States may be attributed as prosecutorial misconduct because "the government is involved in corruption of the truth-seeking function of the trial process." *Id.*

Here, Stewart takes issue with Inv. Rose's inventory report that attributed exhibit 7 (phone #14), which actually belonged to Martin, to Stewart. 5:19-MJ-145, Docket 3 at 4. The inventory originally noted that phone #14 was seized from Martin's person, but it was apparently corrected to Stewart's person. *Id.* The inventory also detailed that exhibit 10 (phone #20) was seized from Stewart's person. *Id.* Inv. Rose's inventory report is contradicted by later inventory reports that note that phone #14 was actually seized from Martin's person, not Stewart's, and phone #20 was seized from Stewart's person. Docket

10

281-1 at 1-2. Stewart contends that this contradiction supports his claim that there was investigatory misconduct that should result in suppression of phone #20. Docket 352 at 4-5. But Stewart fails to demonstrate any evidence of bad faith on behalf of the government. Rather, the inconsistency between the inventory reports seems to be the result of an innocent mistake, which the government corrected in the later inventory reports. Further, the initial inventory report was not included in the affidavit in support of the search warrant in 5:20-MJ-74 to search the contents of phone #20. Stewart fails to present any evidence that law enforcement actually attempted to plant a second phone on him. Thus, Stewart's objection on this ground is overruled.

The court next turns to Stewart's objection as to the truthfulness of paragraph 72 of the affidavit in support of the search warrant in 5:20-MJ-74 authored by SA George. An affidavit in support of an application for a search warrant must be supported by probable cause. *Franks v. Delaware*, 438 U.S. 154, 165 (1978). The affidavit supporting the search warrant is presumed to be valid. *Id.* at 171. To successfully challenge probable cause and the validity of the search warrant in this case, Stewart must prove by a preponderance of the evidence that SA George (1) "included in the affidavit 'a false statement [made] knowingly and intentionally, or with reckless disregard for the truth,' and (2) 'the affidavit's remaining content [was] insufficient to establish probable cause.' " *United States v. Buchanon*, 574 F.3d 554, 561 (8th Cir. 2009) (alteration in original) (quoting *United States v. Humphreys*, 982 F.2d 254, 258 n.2 (8th Cir. 1992)). An affidavit in support of a search warrant must be based

11

on truthful statements, but that "does not require that 'every fact recited in the warrant is necessarily correct.'" *Id.* at 563 (quoting *Franks*, 438 U.S. at 165). This means the affidavit "must be 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Id.* (quoting *Franks*, 563 U.S. at 165). The correct test is "whether, viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his [or her] statements or had obvious reasons to doubt the accuracy of the information he [or she] reported." *United States v. Schmitz*, 181 F.3d 981, 987 (8th Cir. 1999) (alterations in original) (quotation omitted).

Stewart's attack on the truthfulness of the affidavit must be more than merely conclusory. *Franks*, 438 U.S. at 171, "There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Id.* That is, they should point exactly where in the record there is a false statement and should be accompanied by either affidavits or otherwise reliable statements. *Id.* If these requirements are met, Stewart must then show that the search warrant lacks probable cause without the false statements included. *Id.* at 171-72.

Stewart argues that the following paragraph authored by SA George is untrue:

> On December 12, 2019, SA George was listening to jail phone calls being made by Stewart. He called someone whom he addressed as "Sasha." The phone number being used by Sasha was identified as belonging to Sasha Cook. It has been identified that Martin shipped packages addressed to Sasha Cook in North Carolina. The packages were shipped to a UPS store in Concord, North Carolina. Martin shipped packages to Cook on July 30, 2019; September 26, 2019;

12

and November 27, 2019. Cook's current address has not been identified in Rapid City; however, it is believed that Cook may reside near 3621 West Chicago Street. Keeler Stands previously identified this approximate location to law enforcement when he drove Martin to Cook's address to pick up a package containing methamphetamine in September 2019.

5:20-MJ-74, Docket 1 at 26-27. Stewart does not allege exactly what portion of this paragraph is untrue, nor does he argue how the search warrant lacks probable cause without the paragraph included. Further, the court previously found that Stewart failed to meet his burden of proving that SA George made a false statement or recklessly disregarded the truth when he swore to these same statements. Docket 371 at 10-11, 15-16. Thus, Stewart's objection on this ground is overruled.

## II.   Whether Magistrate Judge Wollmann Should Have Ruled on the Phone Discrepancy.

Finally, Stewart objects to Magistrate Judge Wollmann's decision not to determine the factual dispute over which phone was seized from Stewart's hand at the EconoLodge. Docket 352 at 2-3. Stewart contends that phone #38 was seized from his hand, while the government argues that phone #20 was seized from Stewart's hand. *Id.*; Docket 281 at 2. Magistrate Judge Wollmann reasoned that the court need not resolve the dispute because it is a question of evidentiary foundation for the trial court to rule on for admissibility purposes, and, if admissible, it is a question of fact for the jury to decide. Docket 340 at 8. Stewart does not cite to any authority that requires the court to make the factual determination at issue here. The court agrees with Magistrate Judge Wollmann's reasoning that this is an evidentiary question to be decided at trial.

Further, phone #38 was searched under the authority of the search warrant in 5:19-MJ-145, while phone #20 was unsuccessfully searched under the authority of the search warrant in 5:20-MJ-74. Docket 352 at 3. Phone #20 was seized under the authority of the search warrant in 5:19-MJ-145. *See* 5:19-MJ-145, Docket 1 at 9. Regardless of which phone was seized from Stewart's person, the court has already determined that both warrants were supported by probable cause, thus, the seizure of whichever phone was in Stewart's hand at the time was constitutional. Thus, Stewart's objection on this ground is overruled.

## CONCLUSION

Stewart fails to meet his burden to prove that phones #20, #36, and #38 and their contents should be suppressed. The court adopts Magistrate Judge Wollmann's report and recommendation as modified and denies Stewart's motion to suppress. Thus, it is

ORDERED that the report and recommendation (Docket 340) denying Stewart's motion to suppress is adopted as modified by this opinion.

Dated July 21, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE